**Ame Rokotuibau TOLOI; et al., Petitioners,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 05–72920.

United States Court of Appeals, Ninth Circuit.

Submitted June 8, 2009.*

Filed June 10, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kevin H. Knutson, Sacramento, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel San Francisco, CA, George F. Darragh, Jr., Esq., Office of the U.S. Attorney, Great Falls, MT, for Respondent.

Before: TROTT, McKEOWN, and IKUTA, Circuit Judges.

## MEMORANDUM **

■ The Immigration Judge's determination that Toloi had firmly resettled in South Africa is supported by substantial evidence. By virtue of his marriage to a South African woman, Toloi was offered permanent residence status. The IJ determined that Toloi did not establish that he remained in South Africa only as long as was necessary to arrange onward travel, or that South Africa "substantially and

** This disposition is not appropriate for publication and is not precedent except as provid-

consciously restricted" the conditions of his residence, and this determination is supported by substantial evidence. *See Cheo v. INS,* 162 F.3d 1227, 1229 (9th Cir.1998); 8 C.F.R. § 208.15(a).

■ For purposes of Toloi's application for withholding of removal, substantial evidence also supports the IJ's rejection of Toloi's claim that it is "more likely than not" that Toloi will be persecuted on account of a protected ground upon his return to Fiji. *INS v. Stevic,* 467 U.S. 407, 429–30, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984). Toloi's superiors accepted his departure from the military and Toloi received payment in lieu of his pension; this discharge supports the IJ's determination that Toloi failed to establish that the military would still have an interest in Toloi if he returned to Fiji.

We disagree with Toloi's contention that the IJ used incorrect legal standards in determining his eligibility for asylum and withholding of removal. The IJ determined that Toloi was firmly resettled in South Africa, which is a statutory bar to a grant of asylum. 8 U.S.C. § 1158(b)(2)(vi). The IJ applied the correct standard for withholding of removal, which is a more stringent standard than that required for asylum. *Stevic,* 467 U.S. at 428, 104 S.Ct. 2489 (rejecting the assertion that "every alien who qualifies as a 'refugee' under the statutory definition is also entitled to a withholding of deportation").

Finally, Toloi abandoned his claim for relief under the Convention Against Torture before the IJ, and therefore that claim was not exhausted. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (holding that we are barred for lack of subject-matter jurisdiction "from reaching

ed by 9th.Cir. R. 36–3.

the merits of a legal claim not presented in administrative proceedings below").

**AFFIRMED.**